643 A.2d 121

**John T. CAHILL, Appellant,**

**v.**

**Kirk John SCHULTS and Edward C. Schults.**

Superior Court of Pennsylvania.

Argued Feb. 16, 1994.

Filed June 7, 1994.

Lee D. Rockafellow, Morrisville, for appellant.

Stephen A. Corr, Warminster, for appellees.

Before CIRILLO, BECK and JOHNSON, JJ.

CIRILLO, Judge:

John T. Cahill appeals from an order entered in the Court of Common Pleas of Bucks County granting Kirk John Schults' and Edward C. Schults' (the Schultses) motion for summary judgment. We affirm.

The instant action arose out of an automobile accident on May 29, 1990. On May 18, 1992, eleven days before the expiration of the statute of limitations,[1] Cahill, through his attorney, Lee D. Rockafellow, Esq., filed a complaint in Bucks County alleging personal injuries as a result of the Schultses' negligence. A copy of the complaint was also sent to the Schultses' insurance carrier. Along with the complaint, Cahill delivered to the prothonotary an order for sheriff's service; Cahill did not, however, attach a check payable to the sheriff with the order for service. At Rockafellow's deposition, when asked why he failed to attach a check for the sheriff, Rockafellow responded that he "wasn't sure." He elaborated on the procedure followed in Bucks County when an order for service is sent in the absence of a payment for the sheriff:

> Standard procedure of that is they deliver it down to the sheriff's office. They won't serve it without the check, and what they do for attorneys that are well-known, they will call them up and say, "This is the amount," and then you either send a check—and generally Joanne [Rockafellow's secretary] handles that, all though [sic] I do, and normally

1. The statute of limitations governing Cahill's cause of action is two years. *See* 42 Pa.C.S.A. § 5524.

we will take sufficient checks with us. But that does not happen all the time.[2]

When Rockafellow later discovered that he had not received a bill or telephone call from the sheriff's office, he reinstated the complaint on August 10, 1992, hand-delivered it to the sheriff's office, and requested immediate service. The reinstated complaint was served upon the Schultses on August 27, 1992, over three months after the original complaint was filed.[3]

A discovery period ensued to determine the circumstances surrounding the failure to timely serve the complaint. *See* Pa.R.C.P. 401(a). Subsequently, the Schultses filed a motion for summary judgment, which the trial court granted. This appeal followed.

The issues on appeal, as set forth by Cahill, are as follows:

(1) Does the filing of a complaint and delivery of the complaint and additional copies, together with Sheriff's service in accordance with local custom constitute a good faith effort to toll the statute of limitations?

(2) Is the sending of a copy of the complaint to the Schults' insurance carrier, who had been handling and negotiating all matters concerning the claim for nearly two years, sufficient to put the Schultses on notice of a claim for purposes of tolling the statute of limitations?

**2.** In response to this portion of Rockafellow's testimony, the trial court, in its opinion stated:

> Although he testified that the sheriff's department will call attorneys who are well known to the staff and request a check if one does not accompany the order for service form, this would appear to be more a matter of a fortuitous occurrence than a practice upon which a plaintiff's attorney should reasonably rely.

**3.** The time period for reissuance or reinstatement, pursuant to Pa. R.C.P. 401(b), is best explained in the following passage from Goodrich–Amram:

> Despite the language of Rule 401(b)(2) stating that a ... complaint [may be] reinstated at any time, ... a complaint may be reinstated only during a period of time which, measured from the date of [the] original ... filing of the complaint, or the date of a subsequent ... reinstatement thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action.

Goodrich–Amram 2d § 401(b):6.

It is well established that summary judgment shall be entered

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Summary judgment may be entered only in cases where the right is clear and free from doubt.

*Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992).

██ Because Cahill's issues are so closely related, and this is conceded by Cahill in his appellate brief, we shall address them as one. The Schultses do not dispute the fact that Cahill filed his complaint within the time permitted by the applicable statute of limitations. This act alone, however, is not the only requirement for correctly commencing a law suit. Service of process must also be properly effectuated.

The mere filing of a praecipe for a writ of summons, without additional affirmative action to effect service of the writ, does not constitute a good faith effort to notify a defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and preserve a cause of action.

*Feher by Feher v. Altman,* 357 Pa.Super. 50, 53, 515 A.2d 317, 318 (1986).

██ Both parties, along with the trial court, agree that this case is governed by the Pennsylvania Supreme Court decision in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976) and its progeny. The rule which emerged from *Lamp* was that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has

just set in motion." *Id.* at 478, 366 A.2d at 889. In support of its ruling, the Pennsylvania Supreme Court espoused,

> [T]here is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the process of justice as speedy and efficient as possible.... Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

*Id.* at 477, 366 A.2d at 888–89.[4] "[O]ne's 'good faith' effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis[.]" *Leidich v. Franklin,* 394 Pa.Super. 302, 310, 575 A.2d 914, 918 (1990). There is no mechanical approach to apply in determining what constitutes a good faith effort to effectuate service; it is the plaintiff's burden, however, to show that his efforts were reasonable. *Rosenberg v. Nicholson,* 408 Pa.Super. 502, 506–07, 597 A.2d 145, 147 (1991). "At a minimum, the good faith requirement in [*Lamp* ] mandates *compliance with the Pennsylvania Rules of Civil Procedure and, importantly, local practice." Feher,* 357 Pa.Super. at 54, 515 A.2d at 319 (1986) (emphasis added). Cahill, we conclude, has failed to satisfy his burden.

Here, while the original complaint was filed within the requisite two year period, Cahill failed to timely effectuate service pursuant to Pennsylvania Rule of Civil Procedure

---

4. We note that the *Lamp* standard applies not only to an action initiated by a writ, but an action initiated by a complaint as well. *See Sanders v. State Farm Mutual Automobile Insurance Co.,* 424 Pa.Super. 372, 622 A.2d 966 (1993); *Pannill v. Seahorne,* 278 Pa.Super. 562, 420 A.2d 684 (1980).

401(a).[5] Cahill did not complete service within thirty days of filing his complaint.

Significantly, it has been held that

Depending upon the process in a particular county, stalling the legal machinery can be accomplished "by instructing either the prothonotary or the sheriff to hold the writ, by personally retaining the writ and not delivering it to the sheriff for service, *or by neglecting to pay the sheriff his fee.*"

*Green v. Vinglas,* 431 Pa.Super. 58, 64, 635 A.2d 1070, 1073 (1993) (quoting *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 592–93, 511 A.2d 757, 759 (1986); *Lamp,* 469 Pa. at 472, 366 A.2d at 886) (emphasis added)); *see also Sanders,* 424 Pa.Super. at 375–76, 622 A.2d at 968.

The facts and circumstances in this court's recent decision in *Green, supra,* are analogous to those in the instant case. In *Green,* plaintiff's counsel gave the Blair County Prothonotary a writ of summons, a check to cover the filing fee, and

5. **Rule 401. Time for Service. Reissuance, Reinstatement and Substitution of Original Process. Copies for Service**
 **(a)** Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

\* \* \* \* \* \*

Pa.R.C.P. 401(a).
"Unless a party applies to a court for an extension of time in which to serve original process, or unless the parties agree to waive the thirty-day time restriction, a writ or complaint will be 'dead' at the expiration of 30 days. However, if such a party has actively tried to attempt service, a writ or complaint may be reissued or reinstated and then served." Goodrich–Amram 2d § 401(a):1; *see* Pa.R.C.P. 401(b). Because we conclude that Cahill has not met his good faith burden of effectuating service on the original complaint, we will not allow the reinstated complaint and subsequent service to provide Cahill with a second chance to properly institute his lawsuit. This is what *Lamp* and its progeny attempts to prevent. While there is case law which states that a law suit is *not* dead when there is a failure to serve a complaint within thirty days of its filing, *see Fox v. Thompson,* 377 Pa.Super. 39, 42–43, 546 A.2d 1146, 1148 (1988); *Smith v. City of Philadelphia,* 148 Pa.Commw. 84, 87–88, 609 A.2d 873, 875 (1992), there are no allegations and no evidence in those cases that the plaintiffs failed to meet their good faith effort pursuant to *Lamp.*

instructions to have the sheriff serve the writ. Unbeknownst to counsel, however, service had to be made outside of Blair County and, as such, the local practice dictated that the costs required for service be advanced to the Blair County Sheriff's Office. Because counsel failed to advance the sheriff's fee, the writ was not delivered to the outside county and service was not effectuated before the mandated thirty day period. *See* Pa.R.C.P. 401. Employing the *Lamp* rationale, with a focus on subsequent cases interpreting the *Lamp* decision, this court held that the attorney in *Green* did not meet her burden of good faith when she neglected to advance the necessary costs for deputized service as required by local practice.

In the case at hand, Rockafellow's deposition testimony revealed that "standard procedure" dictated that the sheriff's office would not effectuate service without payment.[6] It is clear that Rockafellow did not intentionally neglect his duties in regard to the service requirements. Unfortunately for Cahill, however, Pennsylvania appellate courts that have found non-compliance with *Lamp* have done so even where attorneys have not met their burden of good faith due to mere mistake or inadvertence. *Farinacci, supra; Green, supra. See also Rosenberg, supra* (court found a lack of good faith where plaintiff twice attempted to serve defendant at an incorrect address, reasoning that simple neglect regarding service requirements which serves to delay a defendant's notice of action, though unintentional, may be sufficient to bring the

---

**6.** Common local practice in Bucks County regarding service has also been reflected in case law. In *Allis Chalmers Corp. v. Insurance Co. of North America,* 53 Bucks Co.L.Rep. 138 (1987), faced with an issue similar to that in the instant appeal, then-President Judge Isaac S. Garb wrote:

> In the present case, it was established by the Deputy Prothonotary that it has been the procedure in Bucks County for many years for the plaintiff to file the complaint in the Prothonotary's office and pay the filing fee therefor. It is then the obligation of the plaintiff to deliver copies of the complaint to the Sheriff's office for service, paying in advance thereof the costs of service.

*Id.* at 140.

Ultimately, the trial court held that the plaintiff was barred by the applicable statute of limitations, finding that failure of service was attributable to the plaintiff's failure to follow the accepted procedures of Bucks County.

rule in *Lamp* to bear); *Feher, supra* (court found that while plaintiff's counsel did not actively attempt to thwart service of a writ, he also did not take any affirmative action to see that the writ was served; thus, counsel did not meet his burden of good faith when he failed to prepay the sheriff or give the sheriff instructions); *Weiss v. Equibank,* 313 Pa.Super. 446, 460 A.2d 271 (1983) (court recognized that mere neglect or mistake is an example of failing to fulfill counsel's responsibility to see to it that service requirements are carried out; thus, the court found non-compliance with *Lamp* based on counsel's failure to give instructions to the sheriff and pay for the costs of service as required by the local rules).

 Cahill also argues that the Schultses were, in effect, "served" with the complaint when a copy of the complaint was mailed to the Schultses' insurance company at the same time it was delivered to the prothonotary's office. We disagree. Sending initial process by certified mail, rather than by the sheriff, is improper. *See Mooney v. Borough of West Mifflin,* 134 Pa.Commw. 557, 578 A.2d 1384 (1990) (delivery of a complaint by certified mail rather than service by the sheriff was unacceptable and was not cured by service of an amended complaint after the expiration of the statutory period); Pa. R.C.P. 400(a).[7] Moreover, this court has held that "[a]ttempted service by anyone else [other than the sheriff]—even a duly elected constable—does not constitute effective service." *Vogel v. Kutz,* 348 Pa.Super. 133, 501 A.2d 683 (1985).

In light of the foregoing authority, there is no question that Cahill, through his attorney, failed to comply with the local practice in Bucks County pertaining to service. By neglecting to pay the sheriff's fee, Cahill did not comply with the standards set forth in *Lamp* and subsequent cases. Because service was not properly achieved, the complaint was not effective and, accordingly, the action was not preserved. As a

7. **RULE 400. PERSON TO MAKE SERVICE.**
 **(a)** Except as provided in subdivisions (b) and (c) and in Rule 400.1, original process shall be served within the Commonwealth only by the sheriff.
Pa.R.C.P. 400(a).

result, summary judgment was properly entered in the the Schultses' favor.

Order affirmed.