**Forcine v. O'Connor**

C.P. of Chester County, no. 91-05815.

*Frank DiMeo Jr.,* for plaintiff.
*Suzanne R. Parisien,* for defendant O'Neill.
*Patrick J. Gibbons,* for defendant O'Connor.

WOOD, *J.,* March 14, 1995—Before me is plaintiff's motion for reconsideration of my order of February 28, 1994, which dismissed with prejudice plaintiff's complaint against the defendants. I vacated that order on March 25, 1994, in order to retain jurisdiction for purposes of reconsideration.

Ordinarily the statute of limitations is tolled once a praecipe for writ of summons or complaint is filed. *Robinson v. Trenton Dressed Poultry Co.,* 344 Pa. Super. 545, 551, 496 A.2d 1240, 1243 (1985). The plaintiff then has a period of time equal to that of the original statute of limitations in which to serve the writ or complaint. The seminal case in this regard is *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). However, the court in *Lamp* stated:

"[W]e now conclude that there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. ... Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

"Accordingly ... we rule that ... a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. (footnote omitted) Since the manner in which writs of summons are to be prepared and delivered to the sheriff for service is not covered by our rules and since there are differences among the judicial districts of Pennsylvania in the procedures followed in these matters, a plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service. Cf. Pa.R.C.P. 1009." *Id.* at 477-79, 366 A.2d at 889.

Although *Lamp* expressly refers to cases instituted by writ of summons, the rule applies with equal force to cases instituted by complaint, because the same potential for abuse which the court in *Lamp* sought to eliminate is present regardless of whether a plaintiff commences the action by writ of summons or by complaint. *Pannill v. Seahorne,* 278 Pa. Super. 562, 568, 420 A.2d 684, 687 (1980). The mere filing of a praecipe for a writ of summons, without some additional affirmative action to effectuate service of the writ is not sufficient to toll the statute of limitations and preserve the cause of action. *Cahill v. Schults,* 434 Pa. Super. 332, 336, 643 A.2d 121, 123 (1994), (citing *Feher by Feher v. Altman,* 357

Pa. Super. 50, 53, 515 A.2d 317, 318 (1986), *allocatur denied,* 515 Pa. 622, 531 A.2d 430 (1987)). Where non-compliance with *Lamp* is alleged, the court must determine in its sound discretion whether plaintiff made a good faith effort to effectuate notice. *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986). "A good faith effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis." *Nagy v. Upper Yoder Township,* 652 A.2d 428, 430 (Pa. Commw. 1994), citing *Leidich v. Franklin,* 394 Pa. Super. 302, 575 A.2d 914 (1990), *allocatur denied,* 526 Pa. 636, 584 A.2d 319 (1990). However, it is not necessary that plaintiff's conduct constitute some bad faith or overt attempt to delay before the *Lamp* rule applies; "[s]imple neglect or mistake is an example of failing to fulfill the responsibility on plaintiff or his counsel to see to it that the requirements for service are carried out." *Weiss v. Equibank,* 313 Pa. Super. 446, 454-55, 460 A.2d 271, 275 (1983); *Rosenberg v. Nicholson,* 408 Pa. Super. 502, 597 A.2d 145 (1991), *allocatur denied,* 530 Pa. 633, 606 A.2d 903 (1992). Even where plaintiff has complied with local custom, filed the praecipe for writ and paid the service fee, and plaintiff alleges that the sheriff or prothonotary is responsible for defective service, plaintiff may still be found to have not taken "any affirmative action to see that the writ was served and to put the defendant on notice that an action had been filed against him." *Ferrara v. Hoover,* 431 Pa. Super. 407, 410, 636 A.2d 1151, 1152, (1994), (citing *Feher, supra* at 56, 515 A.2d at 320). See contra, *Sanders v. State Farm Mutual Automobile Insurance Company,* 424 Pa. Super. 372, 622 A.2d 966 (1993) and *Gould*

*v. Nazareth Hospital,* 354 Pa. Super. 248, 511 A.2d 855 (1986) (where plaintiff complies with proper local procedural requirements for effecting service but service not made on defendant due to sheriff's error, plaintiff deemed to have acted in good faith).

Thus, if after looking through the record, I find that plaintiff made a good faith effort to locate and serve defendants, then I should allow service made after the running of the statute of limitations to stand. If on the other hand, I find that plaintiff has sat on the complaint or has committed simple negligence or mistake, I must find that the cause of action was not preserved, and deny the motion for reconsideration based on a running of the statute of limitations. If it is not clear from the record that plaintiff made a good effort to serve the complaint or committed negligence or mistake, then I will uphold service and sustain the complaint.

In the case at bar, the principal facts are not in dispute. Plaintiff alleges that she was involved in a car accident with defendants on June 21, 1989. Her then-counsel, Jack Riley, Esquire, filed a complaint on plaintiff's behalf against defendants on June 19, 1991. Plaintiff alleges that she terminated her attorney/client relationship with Mr. Riley on July 12, 1993 and retained the services of present counsel, Frank N. DiMeo Jr., Esquire. On July 21, 1993, defendant Sean O'Connor filed preliminary objections to the complaint, alleging a violation of the statute of limitations and requesting the complaint's dismissal. Plaintiff alleges that Mr. DiMeo received plaintiff's file from Mr. Riley on July 22, 1993. On October 27, 1993 defendant Patricia McNeill filed preliminary objections similar to those filed by defendant O'Connor. Plaintiff's counsel responded to the preliminary objections after consulting with Mr. Riley about service attempts.

Plaintiff submitted two affidavits in support of her motion for reconsideration. One was by Denise Cendrowski, a former employee of the firm Schwartzman & Hepps, who worked with John E. Riley, Esquire. Ms. Cendrowski stated that she was aware of settlement negotiations and the filing of a complaint but "did not prepare either service form for either defendant. ..." She also attested to a June 24, 1991 postal inquiry for defendant McNeill that yielded a new address. However, when that address was obtained, Mr. Riley was on vacation. He did not return until July 15, 1991. The paperwork was put aside, and a praecipe to reinstate and the requisite sheriff forms were not filed until September 10, 1991. Thereafter, sheriff's return of service forms were received indicating that, after three attempts, in September and early October, neither defendant was served. Finally, Ms. Cendrowski made an unproductive postal inquiry for both defendants on April 3, 1992.

The other affidavit is by Devon Dawson, a paralegal for North & Vaira, Mr. Riley's new firm. She stated that in attempting to locate defendant O'Connor, she called the O'Connor residence (where the sheriff had been unable to serve Mr. O'Connor previously) over a two and one-half month period and received a taped message. She also called O'Connor's insurance company three times and left messages requesting a current address for Mr. O'Connor without success.

Even looking at the record for a second time, and with the additional affidavits, I am still constrained to hold that plaintiff did not make a good faith effort to effectuate service until more than two years after the commencement of the action. The cause of action in the matter at bar arose on June 21, 1989. Suit was instituted on June 19, 1991, yet plaintiff did not serve the complaint upon defendant McNeill until *August 10,*

*1993* and upon defendant O'Connor until *November 4, 1993.* I find that the delay in attempting to serve defendants amounts to negligence at least. Plaintiff made no attempt to serve defendants before the original complaint lapsed. Plaintiff then waited until September 10, 1991 to reinstate the complaint and when sheriff's return of service indicated that defendants could not be served at the given addresses, plaintiff made little effort to establish valid addresses. Leaving a few telephone messages and making two postal inquiries are not good enough. Defendants are entitled to prompt notice. Finally, as I pointed out in my order of February 28, 1994, the record is clear that plaintiff never filed any motion for alternate service.

I now enter the following:

## ORDER

And now, March 14, 1995, upon plaintiff's motion for reconsideration, I hereby reinstate my order of February 28, 1994. Defendants' preliminary objections are sustained and plaintiff's complaint is dismissed with prejudice.