## Focarelli v. Sullivan

C.P. of Bucks County, no. 94-08839-09-2.

*Curt J. Cox,* for plaintiffs.
*Stephen A. Corr,* for defendants.

RUFE, W., *J.,* January 19, 1996—Defendants, Pat Sullivan and James Sullivan, moved this court for summary judgment. Defendants sought to have this case dismissed based on plaintiffs' failure to toll the statute

of limitations. We granted the motion for the following reasons.

Defendant, Pat Sullivan, was involved in a car accident with plaintiff, Stacey Focarelli, on November 18, 1992. On November 18, 1994, plaintiffs filed a writ of summons. The writ was never delivered to the sheriff for service and therefore expired. On February 16, 1995, plaintiffs filed a praecipe to reissue the writ of summons which had never been served. Again, plaintiffs failed to deliver the reissued writ to the sheriff for service within 30 days of its reissuance and the writ expired. On April 10, 1995, plaintiffs filed their second praecipe to reissue the writ of summons, and on April 18, 1995, plaintiffs delivered the writ of summons to the sheriff's office for service. On April 25, 1995, defendants were served with the writ, and plaintiffs filed their complaint on May 18, 1995.

Defendants argue that plaintiffs failed to toll the statute of limitations. Defendants contend that plaintiffs' mere filing of the writ of summons on November 18, 1994 was not sufficient, as plaintiffs took no affirmative action nor made any good faith effort to effect service. In fact, plaintiffs never even delivered the writ to the sheriff for service until April 18, 1995, five months after the statute of limitations had expired.

We agree with defendants. The standard set out by the Supreme Court in *Lamp v. Heyman,* 469 Pa. 465, 478, 365 A.2d 882, 889 (1976), is that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." In explaining its decision, the *Lamp* court said:

"[T]here is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without

proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. . . . Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Id.* at 477-78, 366 A.2d at 888-89.

This position on the filing of a writ has been re-emphasized by the Superior Court:

"The mere filing of a praecipe for a writ of summons, without additional affirmative action to effect service of the writ, does not constitute a good faith effort to notify a defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and preserve a cause of action." *Feher by Feher v. Altman,* 357 Pa. Super. 50, 53, 515 A.2d 317, 318 (1986).

As defendants point out, a good faith effort at a minimum requires compliance with the local rules. By failing to serve the writ to the sheriff's office, plaintiffs let the writ expire and the writ became a nullity. By repeatedly failing to get the writ properly served until April, plaintiffs essentially stalled the legal machinery in its tracks and retained exclusive control over the suit for a period in excess of the statute of limitations.

In a recent Bucks County case with a similar fact pattern, the Superior Court in *Cahill v. Schults,* 434 Pa. Super. 332, 643 A.2d 121 (1994), ruled that the trial judge properly granted summary judgment where plaintiff failed to pay the sheriff's fee for service of the complaint. The complaint was delivered for service on May 18, 1992 (the statute of limitations expired May 29, 1992), but no fee was paid, so it was never served. Plaintiff's attorney realized in August that no

service had been made, and the attorney reinstated the complaint. The reinstated complaint was served on August 27, 1992. The *Cahill* court ruled that the attorney failed to comply with local practice, and therefore did not comply with the standards set forth in *Lamp, supra.* The court further said that "because service was not properly achieved, the complaint was not effective and, accordingly, the action was not preserved." *Cahill, supra* at 340, 643 A.2d at 125.

Plaintiffs argue in their defense that they served a copy of the complaint by mail to the insurance carrier and therefore that should be sufficient notice. The *Cahill* court rejected a similar argument. In *Cahill,* plaintiff argued that the defendants were in effect served with the complaint when a copy of the complaint was mailed to defendants' insurance company at the same time it was delivered to the prothonotary's office. The *Cahill* court disagreed, stating that "[s]ending initial process by certified mail, rather than by the sheriff, is improper." *Id.* at 340, 643 A.2d at 125.

Because plaintiffs failed to make a good faith effort to get the writ of summons served and thus failed to toll the statute of limitations, we granted the motion for summary judgment.