**Hoberg v. Smith**

*Marc F. Greenfield,* for plaintiff.
*Jeffrey T. McGuire,* for defendant Smith.
*Kevin E. Osborne,* for defendant Hertz Corp.

CULLEN, *J.,* May 26, 2005—In his motion for summary judgment, defendant, Brian W. Smith, seeks dismissal of this action on the ground that plaintiff, Paula Hoberg, failed to make a prompt, good faith effort to effectuate service so that her claim is barred by the statute of limitations.

Based on the record before it and the arguments of counsel, the court concludes that defendant's position is correct. Accordingly, his motion for summary judgment will be granted.

## PROCEDURAL AND FACTUAL BACKGROUND

On May 9, 1998, plaintiff sustained personal injuries as a result of a collision at the intersection of Plum and Ross Streets in the City of Lancaster between her vehicle and one operated by defendant. Defendant had rented the vehicle he was operating from Hertz Corporation.

On May 3, 2000, plaintiff commenced this action by filing a complaint against both defendant and Hertz Corporation.

On May 10, 2000, plaintiff attempted to serve defendant by certified mail, pursuant to Pa.R.C.P. 404, at defendant's address listed on the complaint and the police accident report.[1] The envelope was returned to plaintiff by the United States Postal Service marked "unclaimed."

On May 19, 2000, the Sheriff of Allegheny County served Hertz Corporation in care of Hertz Claim Man-

---

1. Defendant Brian W. Smith's reply to plaintiff's brief in opposition of motion for summary judgment, exhibit C. Exhibit C lists defendant's address as 4722 Penrose Avenue, Moorpark, California. The complaint and plaintiff's cover letter and envelope, memorandum of law in support of plaintiff's response to defendant, Brian Smith's motion for summary judgment, exhibits A and B, identify defendant's address as 4722 Pedrose Avenue, Moorpark, California. The record does not indicate if there is both a Penrose Avenue and a Pedrose Avenue in Moorpark, California.

agement, 11 Parkway Center, Pittsburgh, Pennsylvania, the address listed on the complaint.[2]

On June 20, 2000, Hertz Corporation filed and served its answer. In its answer, Hertz Corporation denied defendant was its agent, servant, workman or employee and asserted that defendant was a renter of the vehicle involved in the accident.[3] The answer also contained a new matter cross claim against defendant.

On August 3, 2000, plaintiff filed a praecipe to reinstate her complaint.

On August 24, 2000, pursuant to plaintiff's direction to serve defendant in care of Hertz Claim Management, 11 Parkway Center, Pittsburgh, Pennsylvania, the Sheriff of Allegheny County delivered a copy of the complaint to Bill Findle, manager, at that location.[4]

The docket reflects no further activity with respect to the action against defendant, and counsel refer to none in their briefs, until May 28, 2002, when defendant filed preliminary objections alleging improper service of the complaint. Plaintiff filed a response to the preliminary objections on June 25, 2002. The parties filed briefs in support of their respective positions, and the matter was thereafter referred to the court for disposition.

On September 24, 2002, the court entered an order sustaining the preliminary objections and striking serv-

2. The address listed on the police accident report for Hertz Corporation is Philadelphia International Airport, Philadelphia, Pennsylvania.

3. Answer with new matter of defendant Hertz Corporation to plaintiff's complaint, ¶¶2, 3.

4. Memorandum of law in support of plaintiff's response to defendant, Brian Smith's motion for summary judgment, exhibit D.

ice of the complaint. Plaintiff was given leave to attempt to effect valid service.

On October 24, 2002, plaintiff filed a motion for substituted service, and the court entered a rule on defendant to show cause why the relief requested should not be granted.

Defendant filed a reply to the motion and a brief on December 16, 2002.

In December 2003,[5] the court held a conference with counsel, at which time the parties agreed that defendant's counsel would accept service without waiving his defense of the statute of limitations, and plaintiff's motion would be dismissed as moot. An order to this effect was entered on December 18, 2003.

The complaint was reinstated on December 26, 2003, and defendant's counsel accepted service on January 26, 2004.

On May 17, 2004, defendant filed an answer with new matter in which he raised the statute of limitations as an

---

5. After the filing of defendant's reply and brief on December 16, 2002, neither party filed a praecipe to have the matter assigned to the court for disposition, and the prothonotary did not forward it to the court on his own initiative. The court, therefore, was unaware that a reply had been filed and that the matter was at issue until December 2003, when the court's secretary, in the process of reviewing cases in which orders had been entered, found a reference to the rule entered in response to the motion for substituted service. The court requested the file from the prothonotary to determine if the rule had been answered, if the matter had been addressed by another judge, or even if the case was still pending. It was at this point the court discovered that the matter had been dormant for a year and immediately scheduled a conference with counsel to decide how to proceed.

affirmative defense. Plaintiff's reply to new matter was filed on July 29, 2004.

On October 5, 2004, defendant filed his motion for summary judgment[6] together with a supporting brief. Plaintiff filed a response to the motion and a brief, and the court heard oral argument on January 20, 2005.

## DISCUSSION

Pursuant to Rule 1035.2 of the Pennsylvania Rules of Civil Procedure, after the pleadings are closed any party may move for summary judgment where (1) there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) after completion of discovery, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury. Pa.R.C.P. 1035.2.

"A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury." *McCarthy v. Dan Lepore & Sons Co. Inc.,* 724 A.2d 938, 940 (Pa. Super. 1998). (citation omitted) "If

6. On September 20, 2004, Hertz Corporation filed a motion for summary judgment. Plaintiff informed the court that she would not file a response opposing the motion, and, on January 6, 2005, the court granted the motion and entered judgment in favor of Hertz Corporation.

the non-moving party fails to come forward with sufficient evidence to establish or contest a material issue to the case, the moving party is entitled to judgment as a matter of law." *Id.* (citing *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996)).

A material fact is one that directly affects the outcome of the case. *Gerrow v. Shincor Silicones Inc.,* 756 A.2d 697 (Pa. Super. 2000).

A court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303 (1992).

The purpose of the summary judgment procedure is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). The court is to ignore controverted facts contained in the pleadings and restrict its consideration to material filed in support of and in opposition to the motion for summary judgment and the uncontroverted allegations of the pleadings. *Id.; Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986).

Once a motion for summary judgment is made and properly supported, the opposing party cannot rest on the allegations or denials in the pleadings, but must file a response identifying evidence in the record controverting the evidence cited in support of the motion or establishing facts essential to the cause of action or defense

which the motion cites as not having been produced. Pa.R.C.P. 1035.3; *Rapagnani v. Judas Company,* 736 A.2d 666 (Pa. Super. 1999).

This case presents another of the seemingly endless variations which require application of the principles enunciated in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), and its progeny. The question, as always, is whether plaintiff stalled in its tracks the legal machinery she set in motion by failing to make good faith efforts to notify defendant of this suit by effectuating service of the complaint[7] promptly.

An action to recover damages for personal injuries caused by the negligence of another must be commenced within two years of the date of the event giving rise to the claim. 42 Pa.C.S. §5524(2). Plaintiff's cause of action arose on May 9, 1998, and the complaint was filed on May 3, 2000, within the two-year period. However, this is only the first of two requirements for commencing suit.

"The mere filing of a praecipe for a writ of summons, without additional affirmative action to effect service of the writ, does not constitute a good faith effort to notify a defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and preserve a cause of action." *Cahill v. Schults,* 434 Pa. Super. 332, 336, 643 A.2d 121, 123 (1994) (quoting *Feher by Feher*

---

7. Although *Lamp* and perhaps the majority of cases decided since involve an action commenced by the filing of a praecipe for writ of summons, the same principles apply if a complaint is used as original process. *Cahill v. Schults,* 434 Pa. Super. 332, 643 A.2d 121 (1994).

*v. Altman,* 357 Pa. Super. 50, 53, 515 A.2d 317, 318 (1986)).

In addition to filing the praecipe for writ of summons or complaint within the applicable period, the plaintiff must make a good faith effort to notify the defendant of the action by promptly effecting service. Whether the plaintiff has made such a good faith effort is a matter within the discretion of the trial court. *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986). It is the plaintiff's burden to demonstrate that his efforts to effect service were reasonable. *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa. Super. 69, 658 A.2d 423 (1995); *Cahill v. Schults,* 434 Pa. Super. 332, 643 A.2d 121 (1994). Plaintiff's conduct need not constitute bad faith or an overt attempt to delay in order to be found in violation of the requirements of *Lamp;* simple neglect and mistake to fulfill the responsibility to see that the requirements for service are met may be sufficient. *Ferrara v. Hoover,* 431 Pa. Super. 407, 636 A.2d 1151 (1994). The issue of the plaintiff's good faith effort to notify the defendant of the institution of the lawsuit is to be assessed on a case-by-case basis. *Leidich v. Franklin,* 394 Pa. Super. 302, 575 A.2d 914 (1990).

In this case, the focus of the inquiry is on the period between the filing of the complaint on May 3, 2000, and the filing of defendant's preliminary objections on May 28, 2002.

Plaintiff initially sought to serve defendant at his residence in Moorpark, California, as listed on the police accident report. This was done on May 10, 2000. Ap-

proximately June 27, 2000, the letter was returned marked "unclaimed." [8]

There is nothing in the record to suggest that at this point plaintiff made any effort to confirm defendant's address through postal authorities, directory assistance, inquiry of the department of motor vehicles, voter registration, or any other type of inquiry. Plaintiff made no further attempt to serve defendant in California using any of the other methods provided by Pa.R.C.P. 404.

On June 20, 2000, Hertz Corporation filed and served its answer in which it denied defendant was its agent, servant, workman or employee. Hertz Corporation went on to state that defendant was the renter of the vehicle in question. This response is consistent with the information provided on the police accident report which lists Hertz Corporation as the owner of the vehicle and the owner's address as Philadelphia International Airport. At a minimum, this response would put plaintiff on notice that she could not simply assume defendant was an employee of Hertz Corporation.

Nonetheless, and without further inquiry or investigation, plaintiff forwarded a sheriff's service form to the Sheriff of Lancaster County with a direction to serve defendant "c/o Hertz Claim Management" in Pittsburgh, Pennsylvania.[9] On August 24, 2000, the Sheriff of Al-

---

8. The notation on the envelope that the mail was "unclaimed" would not by itself warrant the conclusion that the address was invalid. It would suggest only that defendant did not pick up the certified letter.

9. Plaintiff has attached as an exhibit a cover letter dated June 27, 2000, addressed to the prothonotary of Lancaster County. Memorandum of law in support of plaintiff's response to defendant, Brian Smith's motion for summary judgment, exhibit C. The sheriff's service form

legheny County delivered a copy of the complaint to Bill Findle, who apparently was the manager of the Hertz Claim Management office in Pittsburgh.

The docket reflects no activity by plaintiff or by defendant until defendant filed preliminary objections challenging service on May 28, 2002. Plaintiff has not asserted in her response to the motion for summary judgment that there was any contact or attempted contact with defendant, or any attempts to conduct discovery during this period. The court concludes, therefore, that the case was completely dormant.

Plaintiff is adamant that she actually served defendant on August 24, 2000, and, accordingly, the *Lamp* analysis is completely unnecessary. The court must conclude, however, based on the record, that plaintiff has shown insufficient evidence of a good faith or reasonable belief that service upon defendant in care of Hertz Claim Management would be effective. Therefore, plaintiff has failed to toll the statute of limitations.

Plaintiff is correct that, absent fraud, the sheriff's return is conclusive and immune from attack with respect to matters of which the sheriff presumptively has personal knowledge. *Hollinger v. Hollinger,* 416 Pa. 473, 206 A.2d 1 (1965). The rule is inapplicable with respect to matters based upon information obtained by hearsay or statements of third persons. *Id.* For example, state-

---

which is attached as exhibit D had the date of June 27, 2000, crossed out and August 3, 2000, written next to it. The docket also reflects that the complaint was reinstated on August 3, 2000. The reason for this discrepency in dates, as well as the reason for the reference to the Montgomery County Sheriff at the bottom of exhibit C, does not appear in the record.

ments that service was made on a particular date at a specific location, or a return of no service, would be conclusive, while statements as to the relationship to the defendant of the person served, or that the location where service was made was the defendant's residence or usual place of business would not be.

Contrary to plaintiff's argument, the sheriff's return cannot be said to establish that Mr. Findle was the manager of defendant or that he had any connection to defendant whatsoever. The most that may be inferred from the sheriff's return is that Mr. Findle was the manager of the office of the co-defendant, Hertz Corporation.

Since there is no serious claim that the location where service was made was defendant's residence, service could only be effected if Hertz Claim Management was defendant's office or usual place of business. Pa.R.C.P. 402(a). The record simply does not support such a conclusion.

Although plaintiff says repeatedly that she believed defendant was an employee of co-defendant Hertz Corporation, there is a dearth of factual support for such a claim. Bald allegations are insufficient to create a genuine issue of material fact so as to defeat a motion for summary judgment. *Golaschevsky v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 683 A.2d 1299 (Pa. Commw. 1996), *aff'd,* 554 Pa. 157, 720 A.2d 757 (1998). Not only does plaintiff fail to point to facts which would establish that the Hertz Claim Management office in Pittsburgh, Pennsylvania, was defendant's office or usual place of business, but the facts of record lead to a contrary conclusion.

Defendant resided in Moorpark, California, where plaintiff initiated and subsequently abandoned efforts to obtain service after one attempt by mail. Defendant was driving a vehicle owned by Hertz Corporation, which had an address on the police accident report of the Philadelphia International Airport, not Pittsburgh, Pennsylvania. From these facts, one could reasonably infer that defendant rented a vehicle from Hertz Corporation at the Philadelphia Airport.[10] Further support for such an inference, or at least notice to inquire further, would come from the answer of Hertz Corporation denying that defendant was its employee and stating that he merely rented the vehicle.

The foregoing facts would be known to plaintiff prior to her attempt to serve defendant in care of Hertz Claim Management in Pittsburgh, Pennsylvania. The only fact, as opposed to unsubstantiated statements of belief, which might support the conclusion that defendant could be an employee of co-defendant Hertz Corporation was that he was driving a vehicle owned by the co-defendant. However, since the co-defendant is in the business of leasing motor vehicles, this fact alone under the circumstances cannot serve to establish a good faith, reasonable belief that defendant was employed by Hertz Corporation.

The factors cited above, together with the absence in plaintiff's response of any reference to any investigation to determine defendant's place of employment, demon-

---

10. This was certainly envisioned by plaintiff since she referred to defendant as, inter alia, a lessee of co-defendant Hertz Corporation in her complaint.

strate that plaintiff had no good faith, reasonable belief that defendant was an employee of Hertz Corporation. Accordingly, Hertz Claim Management in Pittsburgh, Pennsylvania, was not defendant's office or usual place of business for purposes of service of process pursuant to Pa.R.C.P. 402(a), and service at that location was totally ineffective. While plaintiff would have no rational reason to intentionally attempt service at the wrong location, her failure to conduct an even minimally adequate investigation has the same effect.[11] *Ferrara v. Hoover,* 431 Pa. Super. 407, 636 A.2d 1151 (1994). Plaintiff simply made no good faith effort to notify defendant of this litigation by effecting proper service between the time of her failed attempt to serve defendant at his residence in California in May 2000, and the preparation for the motion for substituted service in July 2002.

Plaintiff's failure to make a good faith effort to notify defendant of the pendency of her suit by promptly and properly serving him with a copy of the complaint served to stall the legal machinery she initiated. She has failed to comply with the legal requirements to toll the statute of limitations and preserve her cause of action, and defendant is entitled to judgment in his favor.[12]

---

11. The court finds no merit to plaintiff's statement that it is not unusual to obtain service upon a driver of an automobile at the owner of the vehicle's location, residence, or place of business. This may be true if an adequate investigation shows service may be made at such a location as, for example, in the case of a young driver driving a parent's vehicle, a spouse driving the vehicle of the other spouse, or an employee driving a clearly identified commercial vehicle. Such service is not effective if it fails to conform to the Rules of Civil Procedure.

12. There are two other points which merit brief comment. Defendant's reliance on *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079 (2001) (plurality) for the proposition that plaintiff

## ORDER

And now, May 26, 2005, upon consideration of the motion of defendant, Brian W. Smith, for summary judgment, and the response of plaintiff, Paula Hoberg, and the arguments of the parties, the court orders that the motion is granted and plaintiff's complaint is dismissed with prejudice.

---

must immediately and continually reissue process until service is made is misplaced. *Witherspoon* did not represent the view of the majority of the Supreme Court on this point and, therefore, did not effect a change in the law. *Parr v. Roman,* 822 A.2d 78 (Pa. Super. 2003). Second, a hearing on the question of plaintiff's good faith efforts is not warranted. Unlike the situation in *Parr,* where the moving party sought judgment on the pleadings, defendant in this case filed a motion for summary judgment which provided plaintiff the opportunity to indicate, by affidavit or otherwise, the existence of material issues of fact which would require a hearing or trial.