J-A15037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH NICOLAS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA ZOLNER | : | No. 1261 MDA 2016 |

Appeal from the Order entered June 27, 2016
in the Court of Common Pleas of Luzerne County,
Civil Division, No(s):  2013-9828

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED AUGUST 15, 2017**

Joseph Nicolas ("Nicolas") appeals from the Order sustaining the Preliminary Objections filed by Cynthia Zolner ("Zolner"), and dismissing Nicolas's Complaint with prejudice.  We affirm.

On August 28, 2011, a tree on Zolner's property was uprooted in a storm, and fell onto Nicolas's 1979 Pontiac Trans Am ("the vehicle"), causing extensive damage.  On August 19, 2013, Nicolas filed a Writ of Summons against Zolner, his neighbor.  The Writ was not served on Zolner.  On July 7, 2015, Nicolas filed a Complaint against Zolner, seeking damages "in an amount in excess of $50,000.00 plus interest and costs….".  ***See*** Complaint, 7/7/15, ¶¶ 2, 6.  Nicolas asserts that Zolner was negligent because she "knew or should have known that the trees along the edge of her property were in substantially dangerous condition, requiring maintenance and/or protection for the adjoining property owners and any other personal

property, including, but not limited to, the [v]ehicle." *Id.* ¶ 8; *see also id.* ¶ 7 (wherein Nicolas contends that Zolner was aware of the condition of the trees). Nicolas further claims that due to the damage, the vehicle can no longer be driven; the work that Nicolas put into the vehicle has been lost; and the vehicle has been substantially devalued. *See id.* ¶¶ 11, 13, 15. Zolner was not served with a copy of the Complaint.

On February 24, 2016, Zolner filed Preliminary Objections pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(1),[1] seeking dismissal of the Complaint due to improper service of the Writ of Summons and the Complaint. Zolner also filed an accompanying Notice to plead, and a brief in support of her Preliminary Objections.

Nicolas filed a Praecipe to Reinstate the Complaint on the same date. The Sheriff's Return of Service was docketed on March 1, 2016, indicating that Zolner was served with the Complaint on February 29, 2016. Nicolas did not file a response to Zolner's Preliminary Objections at that time.

---

[1] Rule 1028 provides, in relevant part, as follows:

  (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

    (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint[.]

Pa.R.C.P. 1028(a)(1).

On May 4, 2016, Zolner filed a Motion pursuant to Luzerne County Local Rule 1028(c),[2] noting Nicolas's failure to file a brief in opposition to Zolner's Preliminary Objections, and requesting the trial court to deem her Preliminary Objections unopposed and dismiss Nicolas's Complaint.

The following day, Nicolas filed an Answer to Zolner's Preliminary Objections and a brief in support thereof. Nicolas also filed a Response to Zolner's Motion. Zolner subsequently filed a Reply brief in support of her Preliminary Objections.

The trial court conducted a hearing on May 31, 2016. By Order dated June 27, 2016, the trial court sustained Zolner's Preliminary Objections and

---

[2] Luzerne County Local Rule 1028(c) provides, in relevant part, as follows, regarding the procedure for filing preliminary objections:

(3) Within twenty (20) days of service of the matter, supporting brief and proposed order, any party wishing to contest the same shall file a comprehensive brief in opposition with the Prothonotary and serve the same upon all parties and the Court Administrator who shall then assign it to a Judge and shall so notify all parties.

* * *

(5) If the party filing the matter fails to file a comprehensive brief as required by this rule, the Court Administrator shall present an Order to Motions Court who shall dismiss the matter. If any opposing party fails to file its brief in opposition within the time provided in this Rule, that party shall be deemed not to oppose the matter and the Judge to whom the assignment has been made shall dispose of it in accordance with the law as a matter of course.

Luz. Co. C.P.R. 1028(c)(3), (5).

J-A15037-17

dismissed Nicolas's Complaint, with prejudice, concluding that Nicolas had failed to properly serve Zolner with the Writ of Summons or the Complaint.

Nicolas filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.[3]

On appeal, Nicolas raises the following issues for our review:

1. Whether the [t]rial [c]ourt erred in dismissing the Complaint in this case since, at all times relevant hereto, Nicolas had provided all relevant documents[,] at the request of Erie Insurance [("Erie")] on behalf of Zolner[,] to [Erie,] since Erie sought to avoid involving legal counsel[?]

2. Whether the [t]rial [c]ourt erred in granting the Preliminary Objections to the Complaint without allowing this matter to proceed to discovery and to the completion of the pleadings[,] since the alleged lack of service or a statute of limitations defense is an affirmative defense that must be pleaded as new matter so that facts could be elicited to confirm or deny the same[?]

Brief for Appellant at 3 (emphasis omitted).

Our standard of review of an order sustaining preliminary objections is well settled.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.

_____

[3] On March 21, 2017, this Court dismissed Nicolas's appeal, as a result of his failure to file an appellate brief. On the same date, Nicolas filed a Motion for Reconsideration of Order, requesting a seven-day extension to file his brief. This Court subsequently granted Nicolas's Motion, and reinstated the appeal.

- 4 -

When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

***Brosovic v. Nationwide Mut. Ins.***, 841 A.2d 1071, 1073 (Pa. Super. 2004) (citation omitted).

We will address Nicolas's claims together. In his first claim, Nicolas argues that he provided all pleadings to Erie, Zolner's insurance company, and therefore, Zolner had actual notice of the litigation. Brief for Appellant at 7. Nicolas contends that because Zolner was working with Erie regarding the claim, she was not prejudiced by Nicolas's failure to serve her with the Complaint. ***Id.*** at 9, 12. Nicolas asserts that "[t]he immediate (same day) delivery of the Complaint to [Zolner's] representative is clear good faith to notify [Zolner], and … negotiations to resolve the case are evidence that there was never an intent to forestall the litigation." ***Id.*** at 8. Nicolas additionally claims that Zolner's counsel refused formal service of the Complaint, and he "took action as directed by the insurance agent acting for [Zolner.]" ***Id.*** at 9, 11.

In his second claim, Nicolas avers that the trial court erred by sustaining the Preliminary Objections solely based on lack of service, and by failing to conduct a hearing to develop factual issues. ***Id.*** at 12-13. Nicolas claims that "the argument turned on the issue of the statute of limitations," which should have been raised as an affirmative defense. ***Id.***

Pennsylvania Rule of Civil Procedure 1007 provides that "[a]n action may be commenced by filing with the prothonotary (a) a praecipe for a writ of summons, or (2) a complaint." Pa.R.C.P. 1007. Rule 401 dictates the period within which service is to be made:

(a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

(b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule …, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.

(2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.

* * *

(4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement or substitution.

(5) If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

Pa.R.C.P. 401 (note omitted).

In ***Lamp v. Heyman***, 366 A.2d 882 (Pa. 1976), the Pennsylvania Supreme Court sought to end abuses by plaintiffs who tolled the statute of limitations by having original process repeatedly reissued without notifying the defendant of pending litigation. The ***Lamp*** Court explained that

> [o]ur purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations. Accordingly, … we rule that henceforth, … a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

***Id.*** at 889. In its subsequent decision in ***Farinacci v. Beaver County Industrial Development Authority***, 511 A.2d 757 (Pa. 1986), the Supreme Court interpreted the rule set forth in ***Lamp***, and concluded that "***Lamp*** requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." ***Id.*** at 759; ***see also Englert v. Fazio Mech. Servs., Inc.***, 932 A.2d 122, 124 (Pa. Super. 2007) (stating that "[o]nce an action is commenced by writ of summons or complaint[,] the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service.").

> "What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." [***Moses v. T.N.T. Red Star Express***, 725 A.2d 792, 796 (Pa. Super. 1999), ***appeal denied***, 739 A.2d 1058 (Pa. 1999)]; ***Devine v. Hutt***, 863 A.2d 1160, 1168 (Pa. Super. 2004) (citations omitted). "[W]here noncompliance with ***Lamp*** is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." ***Farinacci***[, 511 A.2d at 759].

In making such a determination, we have explained:

> It is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.

> *Devine*, [863 A.2d at 1168 (citation omitted)].

*Englert*, 932 A.2d at 124-25. Additionally, the plaintiff bears the burden of demonstrating that he made reasonable efforts to notify the defendant. *See Devine*, 863 A.2d at 1168.

Our Supreme Court's recent decision in *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005), clarified "what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action." *Id.* at 665.

> The Court reviewed the rules set forth in *Lamp* and *Farinacci* as well as the appellate decisions which followed. It also reiterated the well-established principle that the "purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." [*Id.* at 671] (citation omitted). The Court further observed that, "once the action has been commenced, the defendant must be provided notice of the action in order for the purpose of the statutes of limitations to be fulfilled." [*Id.*] It quoted *Lamp's* holding that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." [*Id.* at 672 (quoting *Lamp*, 366 A.2d at 889)]. The

Court also noted that it had "subtly altered" its holding in **Lamp** in **Farinacci** by "requiring plaintiffs to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'" [**McCreesh**, 888 A.2d at 672 (quoting **Farinacci**, 511 A.2d at 759)]. The inquiry into "whether a plaintiff acted in good faith lies within the sound discretion of the trial court." [**McCreesh**, 888 A.2d at 672].

The **McCreesh** Court explained that it was "merely reanimating the purpose" of **Lamp**, and it approved of an approach which would dismiss a plaintiff's complaint where he or she either "demonstrated an intent to stall the judicial machinery" or where his or her noncompliance with the procedural rules resulted in prejudice. [**Id.** at 674]. In other words, the Court concluded that where a plaintiff "has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice," noncompliance with the Rules would be excused under **Lamp**. [**Id.**]

**Englert**, 932 A.2d at 125-26.

Here, Nicolas filed the Writ of Summons nearly two years after the damage occurred, and just nine days before the statute of limitations expired. **See** 42 Pa.C.S.A. § 5524. The record reflects that neither the Writ of Summons nor the original Complaint was served on Zolner within 30 days of filing, as required by Pa.R.C.P. 401(a). Zolner was served with the Complaint on February 29, 2016, approximately 2½ years after the statute of limitations had expired. There is no evidence that Nicholas made a good faith effort to effectuate notice during that 2½-year period. **See Ferrara v. Hoover**, 636 A.2d 1151, 1152 (Pa. Super. 1994) (stating that "a plaintiff's failure to make a good faith effort to notify the defendant will serve to nullify both the commencement of the action and the tolling of the statute of limitations." (citation, quotation marks, and brackets omitted)).

Moreover, Nicolas's argument that his dealings with Erie put Zolner on actual notice of the litigation is without merit. *See id.* at 1153 (concluding that there is no merit to appellant's contention that "communication between appellant and appellees' insurance adjuster serves as a substitute for actual service of process."). Even assuming that Erie qualifies as Zolner's agent, actual notice of the *potential* for litigation is not sufficient. Rather, Zolner must have actual notice of the *commencement* of litigation to satisfy the *Lamp* rule. *See McCreesh*, 888 A.2d at 672 n.17 (observing that claims could be dismissed where the defendant "had notice of the potential for litigation, [but] it did not have actual notice of the commencement of the litigation within the statute of limitations period."); *see also Englert*, 932 A.2d at 127 (stating that "[a]ppellants did not provide [a]ppellees with actual notice of the commencement of the action within the applicable statute of limitations. Instead, [a]pellees had only notice that there was a potential for litigation, which is not the same and cannot suffice." (footnote omitted)). Although Nicolas justifies the delay in service based on a purported agreement with Erie to avoid the involvement of defense attorneys, Nicolas never made a good faith attempt to serve Zolner, and his lack of diligence demonstrated an intent to stall the judicial machinery. *See Englert*, 932 A.2d at 126-27 (concluding that the plaintiffs' inaction in properly serving the writ upon the defendant prior to the expiration of the statute of limitations demonstrated an intent to stall the judicial machinery);

***Devine***, 863 A.2d at 1168 (stating that "the mere filing of a writ or complaint without additional affirmative action to effectuate timely service of process … does not constitute good faith efforts under ***Lamp***…."). Therefore, we conclude that the trial court did not abuse its discretion in finding that Nicolas failed to satisfy the good-faith effort requirement of ***Lamp*** and ***McCreesh***.

In the alternative, Nicolas argues that Zolner failed to show that she suffered any prejudice. However, an inquiry into prejudice was unnecessary under these circumstances. ***See McCreesh***, 888 A.2d at 674 (stating that plaintiff's claims could be dismissed only where "plaintiffs have demonstrated an intent to stall the judicial machinery **or** where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.") (emphasis added). Indeed, since (a) Nicolas did not establish that he had engaged in a good-faith effort to secure service upon Zolner in a timely manner; (b) service was not accomplished within the statute of limitations; and (c) there was no actual notice of the commencement of litigation, it was unnecessary to consider whether Zolner had suffered any

prejudice.[4]

Based upon the foregoing, we conclude that there is no basis to disturb the trial court's Order granting Zolner's Preliminary Objections and dismissing the Complaint, with prejudice. *See Englert*, 932 A.2d at 128 (concluding that summary judgment was properly entered where appellants could not pursue their negligence claim due to their failure to demonstrate a good faith effort to effectuate service within the statute of limitations); *see also Cahill v. Schults*, 643 A.2d 121, 123 (Pa. Super. 1994) (stating that "[t]he mere filing of a praecipe for a writ of summons, without additional affirmative action to effect service of the writ, does not constitute a good faith effort to notify a defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and preserve a cause of action." (citation omitted)).

Order affirmed.

---

[4] While the *McCreesh* Court stated these grounds are disjunctive, it analyzed both prongs. *McCreesh*, 888 A.2d at 674; *see also Englert*, 932 A.2d at 127, n.5 (addressing both prongs of the test set forth in *McCreesh*). Even if we were to address the prejudice prong, we would conclude that Zolner was prejudiced by the delay in Nicolas's notification of the action until nearly 2½ years after the applicable statute of limitations had expired, and nearly 4½ years after the damage occurred. *See Englert*, 932 A.2d at 127 (concluding that appellees were prejudiced because they were not provided actual notice of the action until after the statute of limitations had expired); *see also McCreesh*, 888 A.2d at 671 (stating that the purpose of the statute of limitations is to expedite litigation and discourage the presentation of stale claims that would prejudice the defense of such claims).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017