**TOWNSHIP OF LYCOMING,**

v.

**Paul SHANNON and Ellen I. Shannon, his wife, Appellants.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2001.

Decided July 18, 2001.

Don Bailey, Harrisburg, for appellants.

Scott T. Williams, Williamsport, for appellee.

Before FRIEDMAN, J., FLAHERTY, and MIRARCHI, Jr., Senior Judges.

MIRARCHI, Jr., Senior Judge.

Paul and Ellen I. Shannon, husband and wife, appeal from an order of the Court of Common Pleas of Lycoming County holding them in contempt for failing to comply with its previous order temporarily enjoining them from operating a mobile home park on their property. The issues raised on appeal are (1) whether the trial court's contempt order should be vacated because it was entered without properly serving the complaint and notice of the subsequent proceedings upon the Shannons; and (2) whether the record supports the trial court's decision granting the petition for contempt. The contempt order is vacated as invalid.

On February 7, 1996, the Township of Lycoming (Township) commenced an action in equity against the Shannons seeking to enjoin them from operating a mobile home park on their property. In the complaint, the Township set forth the following allegations. The Shannons operated a mobile home park on their property located in the R–C Residential Conservation zoning district of the Township. Under the Township Zoning Ordinance (Ordinance) enacted in May 1986, a mobile home park is permitted in the R C zoning district upon approval of a conditional use. Because the Shannons operated the mobile home park before the enactment of the Ordinance, however, they were permitted to continue their operation as a preexisting nonconforming use.

In December 1994, the Shannons abandoned the operation of the mobile home park. After abandoning the operation for more than one year, they were planning to resume the operation without obtaining approval of a conditional use, as required by Section 900(c) of the Ordinance, and without obtaining required sewage permits issued by the Township and the Department of Environmental Protection. The Township alleged that the Shannons resided at "R.D. # 3, Jersey Shore, PA 17740." ¶ 2 of the Complaint.

The Township also filed a motion for special injunction with the complaint. On February 7, 1996, the trial court then issued a rule on the Shannons to show cause why the Township's motion should not be granted. The docket entry contains a notation that the prothonotary issued notice on February 7, 1996 pursuant to Rule 236 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 236, governing notice of the entry of an order, decree or judgment.

The Shannons did not appear before the trial court on February 16, 1996, the rule return date. The trial judge then asked the Township solicitor if the motion for special injunction and the rule to show cause had been served on the Shannons. The Township solicitor replied: "I have. I have service of process and I have a document here. Service was done by Darren Weber, constable. It was served at the Shannons' residence." February 16, 1996 Hearing, N.T., p. 4. The trial court then

permitted the Township to present the testimony of its witnesses. After the hearing, the trial court issued an order on February 16, 1996 temporarily enjoining the Shannons from using their property as a mobile home park, unless and until they complied with all municipal and regulatory agency requirements. The docket entry again noted that "notice under PRCP 236" was issued on February 16, 1996 by the prothonotary.

Thereafter on February 21, 1996, the sheriff of Lycoming County deputized the sheriff of Clinton County to serve the "notice and complaint" upon the Shannons at "R.D. #3, Jersey Shore, PA 17740," the address listed in the complaint. Three months later on May 22, 1996, the sheriff of Clinton County filed a return, stating that "Jersey Shore P.O. has no listing of address" and that the Shannons "reside in Lycoming County, Cogan Station 998–2782 [the Shannons' telephone number]."

The docket entry shows no further activity until January 18, 2000 when the Township filed a petition for contempt, alleging that the Shannons were operating at least three mobile homes on their property in violation of the February 16, 1996 temporary injunction order, and that the Shannons were notified of their failure to comply with the February 16, 1996 order by a letter dated December 3, 1999 mailed to the address listed in the complaint. In the certificate of service, the Township solicitor stated that he sent a copy of the petition for contempt to the Shannons' address set forth in the complaint by regular mail. The newly assigned trial judge then scheduled a contempt hearing.

When the Shannons did not appear at the scheduled hearing on February 28, 2000, the trial judge asked the Township solicitor if their address set forth in the complaint and used to notify the hearing was correct, noting the County-wide "read-dressing project" under which addresses containing "R.D." had been changed. February 28, 2000 Hearing, N.T., p. 5. The Township solicitor stated that the Shannons' address listed in the complaint was correct and that the service by mail sent to that address "is valid service under the law once they have been served with the underlying complaint." Id. at 6. After admitting the copies of the violation notice and the notice of the hearing into evidence, the trial court permitted the Township to present the testimony of its sewage enforcement officer on the merits of the petition for contempt.

After the hearing, the trial court issued an order on February 28, 2000, finding that the Shannons failed to comply with the February 16, 1996 temporary injunction order. The trial court ordered the Shannons to evict any tenants occupying the mobile homes on their property within thirty days, pay $300 attorney's fees incurred by the Township in obtaining the contempt order, and pay a fine in the amount of $100 a day until their compliance with the order. The trial court also directed that a copy of the contempt order be personally served upon the Shannons by a competent adult, the constable or the sheriff of Lycoming County.

The February 28, 2000 contempt order was thereafter personally served by the constable upon the Shannons at their residence at the Cogan Station address, as directed by the trial court. The Shannons then timely appealed the trial court's contempt order to this Court. In the subsequently filed opinion, the trial court acknowledged that "an examination of the docket does give support for the Defendants' contention" that they were unaware of the pending action against them until the copy of the contempt order was personally served at their residence. Trial Court's Opinion, p. 3.

The Shannons contend that the trial court's February 28, 2000 contempt order is invalid because it was entered without giving them proper service of the complaint and notice of the subsequent proceedings leading to the entry of the contempt order. The Shannons assert that they have lived in the same address in Cogan Station in Lycoming County for more than fifty years and had the same telephone number, that they never received any notice of the proceedings sent to the wrong address listed in the complaint, and that they first became aware of the pending action against them when the contempt order was personally served by the constable at their residence at the Cogan Station address.[1]

Under the Pennsylvania Rules of Civil Procedure, original process within the commonwealth must be personally served by the sheriff within thirty days after commencing a civil action by issuing a writ or filing a complaint. Pa. R.C.P. Nos. 400(a), 401(a), and 402(a). In an action in equity, original process may also be served by any competent adult, in addition to service by the sheriff. Pa. R.C.P. No. 400(b). When service of original process is not made within the required thirty-day time period, the writ should be reissued or the complaint reinstated to continue its validity. Pa. R.C.P. No. 401(b)(1). "If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service." Pa. R.C.P. No. 405(a).

Only where service of original process has been properly made, all subsequent legal papers, such as motions, petitions, answers thereto, rules, notices, interrogatories and answers thereto, may be served to the party with no attorney of record "by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party,. ...." Pa. R.C.P. No. 440(a)(2)(i) and Note thereto.

It is well established that the rules governing the service of process set forth in the Pennsylvania Rules of Civil procedure must be strictly followed. *Sharp v. Valley Forge Medical Center & Heart Hospital, Inc.*, 422 Pa. 124, 221 A.2d 185 (1966). Moreover, the validity of the service is not presumed; the return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure. *Neff v. Tribune Printing Co.*, 421 Pa. 122, 218 A.2d 756 (1966). Jurisdiction of the court over the defendant is dependent upon proper service of the proceeding. *Sharp; Neff; Burger v. Borough of Ingram*, 697 A.2d 1037 (Pa.Cmwlth.1997).

In this matter, neither the record nor the docket entry of the trial court demonstrates that the complaint was personally served upon the Shannons within thirty days after the Township filed the complaint on February 7, 1996.[2] The record also fails to show that the Township reinstated the complaint to continue its validity after the expiration of the thirty-day period for serving original process.

1. This Court's scope of review of the trial court's contempt order is limited to determining whether the trial court abused its discretion or committed an error of law. *Jackson v. Hendrick*, 764 A.2d 1139 (Pa.Cmwlth.2000).

2. During the argument before this Court, the Township solicitor stated that he had a copy of the affidavit, in which the constable stated that he served "summons" upon the Shannons. The Township solicitor admitted, however, that this action was commenced by filing a complaint, not by issuing a praecipe for a writ of summons, and that the alleged affidavit of the constable is not in the record.

"Unless a party applies to a court for an extension of time in which to serve original process, or unless the parties agree to waive the thirty-day time restriction, a writ or complaint will be 'dead' at the expiration of 30 days." *Cahill v. Schults,* 434 Pa.Super. 332, 643 A.2d 121, 124 n. 5 (1994) (quoting Goodrich Amram 2d § 401(a):1). *Accord Moses v. T.N.T. Red Star Express,* 725 A.2d 792 (Pa.Super.1999), *appeal denied,* 559 Pa. 692, 739 A.2d 1058 (1999).

Further, in the return filed more than three months after the complaint was filed, the sheriff of Clinton County stated that he could not serve the "notice and the complaint" because the Shannons resided in Cogan Station in Lycoming County, not at the address listed in the complaint and given by the sheriff of Lycoming County. The Shannons' telephone number was also noted in the return. The record fails to show, however, any further effort made by the Township to contact the Shannons, personally serve the complaint, or seek the court's permission to use other methods of service pursuant to Pa. R.C.P. No. 430. As the trial court conceded, there is no indication in the record that the Shannons were ever served with the notice of the pending action against them.

Since the Township failed to serve the complaint in compliance with the rules governing the service of original process, the complaint was "dead." *Cahill.* Therefore, service of other legal papers related to the subsequent proceedings could not be made simply by mailing them to the address listed in the complaint, as the Township did. Pa. R.C.P. No. 440. Moreover, the sheriff of Clinton County could not serve the complaint upon the Shannons at the address set forth in the complaint,

which was also used by the prothonotary to mail the court's orders scheduling the February 16, 1996 temporary injunction hearing and the February 28, 2000 contempt hearing, and the February 16, 1996 temporary injunction order. Thus, the record establishes that the contempt order and the underlying temporary injunction order were entered without affording the Shannons proper notice and an opportunity to be heard.

The trial court stated that "[w]hile it is acknowledged that this Court on February 28, 2000, did not further review the docket to verify the nature of the proceeding and/or service of any Orders or documents in 1996, this Court does not believe it had a duty to do so based upon the record presented." Trial Court's Opinion, p. 5. We disagree. Jurisdiction of the trial court over the Shannons was dependent upon the proper service of the complaint and notice of the subsequent proceeding. *Neff; Sharp; Burger.* Because the proper service was not made on the Shannons complying with the applicable rules, the trial court did not have jurisdiction to issue the order holding them in contempt.

Accordingly, the order of the trial court is vacated as invalid.[3]

### ORDER

AND NOW, this 18th day of July, 2001, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is vacated.

---

**3.** Because we vacate the contempt order as invalid, it is unnecessary to address the Shannons' contention that the Township failed to present sufficient evidence to support its petition for contempt.