**Kerns v. Chiodo**

C.P. of Berks County, no. 07-8445.

*Scott Kerns,* pro se.
*Gail M. Chiodo,* pro se defendant.
*Alexa S. Antanavage,* for defendant Reed.

SCHMEHL, J.L., *P.J.*, February 23, 2010—

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Scott Kerns is proceeding in this matter pro se, and is a prisoner at the State Correctional Institution

at Mahonoy in Frackville, Pennsylvania. Plaintiff commenced this civil action on August 2, 2007 by filing a complaint with this court. The action was originally filed with five listed defendants, which consisted of: plaintiff's public defender at his criminal proceeding, Richard A. Joyce; the district attorney from the same proceeding, Tonya Helaine Tharp; the Muhlenberg Police Department; Gail M. Chiodo, Esquire, and Jamie L. Reed. Plaintiff's action was, at its core, premised on an ineffectiveness of counsel claim, attempting to overturn his criminal conviction. Plaintiff was sentenced pursuant to a guilty plea, after being charged with involuntary deviate sexual intercourse with a person less than 13 years of age and related charges as a result of numerous instances of sexual abuse of a minor.

Defendants Richard A. Joyce and Tonya Helaine Tharp filed preliminary objections, and a brief in support thereof, on May 19, 2008. Moving defendants objected based upon: plaintiff's failure to serve the complaint; failure to state a claim, preclusion of the cause of action due to tolling of the statute of limitations and the bar on a collateral attack on an underlying conviction; and, prosecutorial immunity. A judgment of nonpros was entered in favor of defendant Joyce on May 30, 2008. Then on June 23, 2008, the preliminary objections of Joyce and Tharp were granted, and moving defendants were dismissed from the action with prejudice. On October 23, 2009, defendant Gail Chiodo, Esq. filed a response to plaintiff's request to enter judgment by default, wherein defendant Chiodo asserted that she had never been served with the complaint.

Defendant Muhlenberg Police Department filed preliminary objections to plaintiff's complaint on October

24, 2008 for failure to serve the complaint, failure to set forth a viable claim, and for the cause of action being barred as a collateral attack on plaintiff's own criminal conviction. Defendant Muhlenberg Police Department's preliminary objections were granted on December 1, 2008, and this defendant was dismissed from the action with prejudice.

Defendant Jamie L. Reed filed preliminary objections to the plaintiff's complaint on July 1, 2009, for plaintiff's failure to effectuate service of the complaint, and for legal insufficiency of the complaint itself. By order of August 6, 2009, this court scheduled argument for September 21, 2009 regarding defendant's preliminary objections to plaintiff's complaint. On August 17, 2009, plaintiff filed a petition for writ of habeas corpus ad testificandum, which this court declined to grant.

On August 25, 2009, this court entered an order which denied as moot plaintiff's motion for judgment by default against defendant Jamie L. Reed, due to plaintiff's failure to file a certification that a written notice of intention to file the praecipe was mailed or delivered to the parties against whom judgment was to be entered.

At argument on September 21, 2009, the only parties present were moving defendant Jamie L. Reed and the other then-remaining defendant, Gail Chiodo. After argument held, this court entered an order which sustained defendant Jamie L. Reed's preliminary objections, and dismissed with prejudice plaintiff's complaint against defendant Jamie L. Reed. Further, at argument, defendant Gail Chiodo, Esq. made oral motion to this court that she be dismissed from the action, based upon plaintiff's

failure to effectuate service. On December 3, 2009, this court entered an order granting defendant Gail Chiodo's request made by oral application at hearing on September 21, 2009 to be dismissed from the case. With no defendants then remaining in the action, the order further dismissed the action with prejudice.

Plaintiff filed notice of appeal on December 23, 2009, appealing this court's order which dismissed the action with prejudice. On January 8, 2010, this court entered an order directing plaintiff/appellant to file his concise statement within 21 days of the date of the order, following which plaintiff/appellant filed a timely statement.

## II. DISCUSSION

In plaintiff/appellant's statement of matters complained of on appeal, dated January 24, 2010, plaintiff/appellant complained of the following matters:

"(1) Plaintiff was denied due process when this honorable court held hearing for defendants in the above-captioned case without plaintiff being present. Plaintiff is incarcerated and denied his right to be heard in court.

"(2) Defendants were dismissed from the complaint with prejudice after not answering the allegations set forth in complaint. Therefore waiving any right to answer allegations that are deemed true [sic].

"(3) This honorable court accepted excuses as to why the allegations were not answered. Rule 1029 (a), (b), (e) states that all allegations are to be answered specifically or will be deemed true.

"(4) Rule 1028 preliminary objections are for facts on complaint that are not true, not excuses.

"(5) This honorable court dismissed all defendants with prejudice from the complaint knowing that they admitted to doing all the allegations and putting an innocent person in prison.

"(6) The plaintiff's allegations still stand since they were never answered and can never be answered since defendants waived right to answer them.

"(7) Plaintiff respectfully requests that this honorable court not allow this injustice to continue to go on, and revoke the defendants order for dismissal and make the defendants accountable for their actions by granting the plaintiff's complaint."

We address the first matter complained of on appeal individually, and then collectively address the six others, which six are largely based on the same allegation.

As to plaintiff/appellant's first matter complained of on appeal, plaintiff/appellant was not deprived of his constitutional rights when arrangements were not made for him to be present at a hearing of his own initiation. To the contrary, it was incumbent upon plaintiff/appellant to make arrangements to attend the hearing, which was a civil proceeding commenced by plaintiff/appellant, and thus did not raise any deprivation of due process rights. This court does not have a duty to make arrangements for an incarcerated plaintiff/appellant to be present to pursue a civil lawsuit. The plaintiff/appellant additionally could have sought an appearance by videoconference to pursue this action commenced by him. As it stood,

this court reviewed all pleadings on their merits, and finding that no party had been properly served with the complaint at any point, found it appropriate this past December to dismiss the action altogether.

As to plaintiff/appellant's second matter complained of on appeal, this court found that the defendants in this action were never properly served with the complaint, and that it was appropriate for the action to be dismissed. It is axiomatic that the rules regarding proper service of process, set forth in the Pennsylvania Rules of Civil Procedure, must be strictly followed. *Township of Lycoming v. Shannon,* 780 A.2d 835 (Pa. Commw. 2001). While the courts may be willing to liberally construct materials filed by a pro se litigant, it does not become the duty of a court to ensure that a pro se litigant is following the proper procedure; a pro se litigant takes upon himself the risk that his lack of legal training will be his undoing. *Branch Banking and Trust v. Gesiorski,* 904 A.2d 939 (Pa. Super. 2006). Further, a trial court has no duty to either effectuate service for a pro se inmate, nor to notify an inmate that it will not effectuate service on the pro se civil litigant's behalf. *Fraisar v. Gillis,* 892 A.2d 74 (Pa. Commw. 2006). With proper service never having been effectuated, all defendants were dismissed from the case.

For the above-stated reasons, this court respectfully recommends that the instant appeal be denied.

The prothonotary shall forward the remainder of the file to the Superior Court.