IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Williams,                           :
                          Appellant         :
                                            :
            v.                              :    No. 1402 C.D. 2019
                                            :    Submitted: January 24, 2020
Kyle A. Russell, Amanda Benner,             :
and Dr. Megan                               :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: April 13, 2020


            Anthony Williams, an inmate at the Lehigh County Jail, representing
himself, appeals an order of the Court of Common Pleas of Lehigh County (trial
court) that dismissed his petition for writ of *habeas corpus*, without prejudice, for
improper service. Williams contends that the trial court erred because he served his
petition by First-Class Mail, which he believes is sufficient. Discerning no merit to
this argument, we affirm.

            On June 4, 2019, Williams filed a petition for writ of *habeas corpus*
against Kyle A. Russell, Amanda Benner and Dr. Megan (collectively, Defendants).[1]
The petition alleged that upon his commitment to the county jail, Williams informed
medical staff that he suffered from neck and back problems caused by a 2010 motor
vehicle accident, for which he needs muscle relaxants. The county jail refused his

---

[1] Kyle A. Russell is the Warden of Lehigh County Jail (Warden Russell), and Amanda Benner and
Dr. Megan are employees of PrimeCare Medical, Inc., the medical provider at Lehigh County Jail.
Williams erroneously identified Megan Hughes as "Dr. Megan" in the petition for writ of *habeas
corpus*. Trial Court Order, 9/6/2019, at 1.

request for this medication and assigned him to a top bunk bed without a ladder. The climb onto the top bunk aggravated his back pain.

The petition also alleged that on March 30, 2019, he spoke to Dr. Megan about having to climb onto the top bunk and how doing this caused him "extreme pain[.]" Petition at 2, ¶10; Original Record (O.R.) Item No. 3 at 2. Without conducting "any examination," she denied his request for a bottom bunk assignment. Petition at 2, ¶10; O.R. Item No. 3 at 2. Williams filed grievances regarding his medical care and bunk assignment, but Warden Russell denied the grievances. The petition sought the following relief:

(1) Order [Defendants] to grant [him] bottom bunk status.

(2) Order that ladders be put on the bunk beds in accord[ance with the Americans with Disabilities Act.[2]]

(3) Order medical treatment be given to [him].

Petition at 4-5; O.R. Item No. 3 at 4-5. Williams served the petition on the named defendants by First-Class Mail.

Defendants filed preliminary objections, asserting, *inter alia*, improper service of process. On September 6, 2019, the trial court sustained the preliminary objections and dismissed the petition for lack of jurisdiction. In its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), PA. R.A.P. 1925(a), the trial court explained that the petition was, "in actuality, a civil complaint." 1925(a) Opinion at 1; C.R. Item No. 23 at 1. Under the Pennsylvania Rules of Civil Procedure, a civil complaint must be served personally by a sheriff, but Williams served the petition by First-Class Mail. On this basis, the trial court concluded that service was improper.

---

[2] 42 U.S.C. §§12101-12213.

On appeal,[3] Williams raises two arguments. First, he argues that Pennsylvania Rule of Criminal Procedure 576(B)[4] controls the service of *habeas* petitions, and it allows service by First-Class Mail. Second, he argues that the trial court erred in dismissing his petition because Defendants had actual knowledge of his filing and were not prejudiced by the lack of personal service.

Service of process is the mechanism "by which a court obtains jurisdiction over a defendant." *City of Philadelphia v. Berman*, 863 A.2d 156, 160

---

[3] "Where a trial court dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion." *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014). "When considering preliminary objections this Court must consider as true all well-pled material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts." *Id.*

[4] This Rule states, in pertinent part, as follows:

(B) Service.

\*\*\*

(2) Service on the parties shall be by:

(a) delivery of a copy to a party's attorney, or the party if unrepresented; or

(b) personal delivery of a copy to the party's attorney's employee at the attorney's office; or

(c) mailing a copy to a party's attorney or leaving a copy for the attorney at the attorney's office; or

\*\*\*

(e) sending a copy to an unrepresented party by certified, registered, or first class mail addressed to the party's place of residence, business, or confinement; or

(f) sending a copy by facsimile transmission or other electronic means if the party's attorney, or the party if unrepresented, has made a written request for this method of service for the document; or

(g) delivery to the party's attorney, or the party if unrepresented, by carrier service.

PA. R.CRIM.P. 576(B).

(Pa. Cmwlth. 2004). The rules governing service of process must be strictly followed. *Township of Lycoming v. Shannon*, 780 A.2d 835, 838 (Pa. Cmwlth. 2001). "The burden to comply with all procedural rules lies with the plaintiff who chose to initiate the suit[.]" *Fraisar v. Gillis*, 892 A.2d 74, 77 (Pa. Cmwlth. 2006). Notably, there is no exception to these rules because a plaintiff is a prisoner. *See Messina v. Sprankle* (Pa. Cmwlth., No. 586 C.D. 2010, filed July 23, 2010) (unreported).[5] The return of service itself must demonstrate that the service was made in conformity with the applicable rules. *Township of Lycoming*, 780 A.2d at 838. A party may file preliminary objections for lack of jurisdiction where service of a complaint is defective. *Gregor v. Commonwealth of Pennsylvania* (Pa. Cmwlth., No. 1381 C.D. 2016, filed June 13, 2017), slip op. at 5 (citing PA. R.C.P. No. 1028(a)(1)) (unreported).

A writ of *habeas corpus* is civil in nature. *Pew v. Mechling*, 929 A.2d 1214, 1218 (Pa. Cmwlth. 2007). The rules governing service of original process for civil matters are set forth in the Pennsylvania Rules of Civil Procedure. *See* PA. R.C.P. Nos. 400-430. Rule 400 designates who is authorized to make service, and

---

[5] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Rule 402 designates the required manner of service.  PA. R.C.P. Nos. 400[6] and 402.[7]

These rules require that a sheriff must effect personal service upon a defendant.

With these principles in mind, we turn to Williams' first claim that service of his petition by First-Class Mail effected proper service.  Williams argues that service of the petition is governed by the Pennsylvania Rules of Criminal

---

[6]  It states, in relevant part, as follows:

> (a)    Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, original process shall be served within the Commonwealth only by the sheriff.
>
> (b)    In addition to service by the sheriff, original process may be served also by a competent adult in the following actions:
>
>> (1)    civil action in which the complaint includes a request for injunctive relief under Rule 1531, perpetuation of testimony under Rule 1532 or appointment of a receiver under Rule 1533,
>>
>> (2)    partition, and
>>
>> (3)    declaratory judgment when declaratory relief is the only relief sought.

PA. R.C.P. No. 400(a), (b).

[7] This Rule states, in pertinent part, as follows:

> (a)    Original process may be served
>
>> (1)    by handing a copy to the defendant; or
>>
>> (2)    by handing a copy
>>
>>> (i)    at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
>>>
>>> (ii)    at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>>>
>>> (iii)   at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

PA. R.C.P. No. 402(a).

Procedure.[8]  In support, Williams cites the unreported decision of the Pennsylvania Superior Court in *Bozic v. Folino* (Pa. Super., No. 207 WDA 2014, filed July 18, 2014).  There, the Superior Court affirmed an order of the Court of Common Pleas of Greene County (Greene County Court) transferring a prisoner's praecipe for writ of *habeas corpus ad subjiciendum* to the Philadelphia County Court of Common Pleas.  The Greene County Court explained that because the prisoner was challenging the legality of his commitment and confinement at a state prison, the court where he was convicted had exclusive jurisdiction.  In so holding, the Greene County Court referred to PA. R.CRIM.P. 108(a) as establishing the venue for the petitioner's writ.  *Bozic* is inapposite.

Here, Williams challenges the adequacy of his medical treatment and bunk assignment, which do not relate to a criminal proceeding.  This Court has stated that, "regardless of whether a prisoner has been detained pursuant to a civil or criminal process," a writ of *habeas corpus* is a civil remedy.  *Pew*, 929 A.2d at 1218.  We reject Williams' claim that his service on the named defendants was governed by the Rules of Criminal Procedure.

Williams argues, alternatively, that the defendants were not prejudiced by the First-Class Mail service.  In support, Williams cites *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005).

In *McCreesh*, the plaintiff served the defendant by certified mail but did not effect personal service until after the statute of limitations had run.  The county court refused to dismiss the action because the writ of summons was received by the

---

[8] The Rules of Criminal Procedure define the term "[c]riminal proceedings" to "include all actions for the enforcement of the Penal Laws."  PA. R.CRIM.P. 103.  The term "[p]enal laws" means "all statutes and embodiments of the common law which establish, create, or define crimes or offenses, including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty."  PA. R.CRIM.P. 103.

defendant prior to the expiration of the statute of limitations. This Court reversed, holding that service by certified mail did not constitute a good faith effort. The Supreme Court then reversed this Court. It held that a dismissal on grounds of the statute of limitations was appropriate only where the plaintiff has "demonstrated an intent to stall the judicial machinery or where [the plaintiff's] failure to comply with the Rules of Civil Procedure has prejudiced [the] defendant." *Id.* at 674. The Supreme Court remanded the case to the county court for a determination as to whether the defendants were prejudiced by the plaintiff's failure to effect proper service within the statute of limitations.

Here, the statute of limitations is not at issue, and Williams' petition was not dismissed with prejudice. *McCreesh* is inapposite.

Williams failed to have the sheriff serve the petition. "Whether a court may disregard a litigant's defective service of process … is vested within the sound discretion of the court." *Miller v. Klink*, 871 A.2d 331, 337 (Pa. Cmwlth. 2005) (quoting *Konya v. District Attorney of Northampton County*, 669 A.2d 890, 892 (Pa. 1995)). This Court will not overturn a lower court's enforcement of the service rules unless the lower court abused its discretion. *Id*. Here, the trial court found that Williams "failed to make a good faith effort to comply with said procedural rules." 1925(a) Opinion at 2. There is no basis to hold that the trial court abused its discretion in so finding and dismissing Williams' petition without prejudice. Williams may refile the petition and make proper service.

For all of the foregoing reasons, we affirm the decision of the trial court.

_____
Mary Hannah Leavitt, President Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Williams,  :
                Appellant  :
                        :
    v.  :  No. 1402 C.D. 2019
                        :
Kyle A. Russell, Amanda Benner,  :
and Dr. Megan  :

# **O R D E R**

AND NOW, this 13th day of April, 2020, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter, dated September 6, 2019, is hereby AFFIRMED.

Mary Hannah Leavitt, President Judge