IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Blewitt,                          :
                    Appellant             :
                                          :
          v.                              :
                                          :   No. 1483 C.D. 2019
John Doe                                  :   Argued:  November 12, 2020


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  January 6, 2021


          Anthony Blewitt appeals from the order of the Court of Common Pleas
of Chester County (trial court) denying his amended motion to compel documents
from the Chester County Department of Emergency Services (Department) and
dismissing with prejudice the action he commenced by way of writ of summons
against John Doe.  Upon review, we vacate.

          On December 13, 2018, Mr. Blewitt commenced a civil action *pro se*
by way of writ of summons in the trial court.  Reproduced Record (R.R.) at 3a-5a.
The writ listed the sole defendant as John Doe, address unknown, with no indication
of the nature of the potential claims.  *Id*.  The cover sheet did not indicate whether
the nature of the case was in tort or a civil appeal from an administrative agency; the
"miscellaneous" option "other" was checked without any description in the available

---

[1] The decision in this case was reached prior to January 4, 2021, when Judge Brobson
became President Judge.

area for explanation. *Id.* Relevant to this appeal, at no time since commencing his action via the unspecified writ of summons did Mr. Blewitt advance his case by serving the writ on any person or entity, filing a *praecipe* with the Prothonotary to have the writ reissued, or filing a complaint setting forth the nature of his claims.

On January 18, 2019, Mr. Blewitt served a subpoena on Heather DeStefano of the Department, seeking production of documents. *Id.* at 6a. The subpoena requested documents – including 911 call logs, recordings, transcripts, computer aided dispatch (CAD) reports, and a listing of dispatched personnel and/or departments – related to a motorcycle accident that occurred on June 15, 2007, in which Mr. Blewitt's son was killed. *Id.* at 9a. Mr. Blewitt attached to his subpoena documentation of his previous similar efforts to obtain information from the County about the accident, including a May 15, 2015, letter from the Chester County Solicitor's Office in response to his records request filed pursuant to the Right-to-Know Law[2] (RTKL). *Id.* at 11a. That letter provided a redacted 911 call log from the evening of the accident and stated that "any other information would have to be accompanied by a [s]ubpoena" in order to be released. *Id.*

By letter dated February 7, 2019, the Chester County Solicitor's Office "decline[d] to comply" with Mr. Blewitt's January 2019 subpoena. R.R. at 13a. The letter stated that in 2015-16, Mr. Blewitt submitted numerous requests to various Chester County departments and agencies seeking documents related to the 2007 accident, and that the Chester County Solicitor believed the present action was "a pretense to obtain records which either have already been provided to you [Mr. Blewitt] or are legally exempt from disclosure." *Id.* Moreover, the letter stated that by the time Mr. Blewitt filed his writ of summons in December 2018, any claims

---

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

stemming from the June 2007 accident were beyond the two-year statute of limitations for civil actions. *Id*.

According to the trial court docket, Mr. Blewitt did not act again on his cause of action until June 14, 2019, when he filed in the trial court a motion to produce documents stating that he had been requesting all 911 calls made concerning the 2007 accident and asking for unspecified action on the Department's response to his January 2019 subpoena. R.R. at 1a-2a, 10a. On July 9, 2019, the trial court denied the motion without prejudice, explaining that a certificate of service was needed. *Id*. at 15a.

On September 5, 2019, Mr. Blewitt, still proceeding *pro se*, filed an "Amended Motion to Compel Production of Documents" (with proper service information) reiterating his request that the trial court order the Department to comply with the January 2019 subpoena. *Id*. at 19a. Mr. Blewitt asserted that in response to his 2015 requests, he received a 911 call log from the date of the accident, but that it was "all redacted," and that he never received an explanation why his requests for more information had been denied. *Id*. at 19a-21a.

On September 18, 2019, the trial court issued an order denying Mr. Blewitt's amended motion and dismissing his action against John Doe in its entirety and with prejudice. R.R. at 26a. A footnote in the trial court's order indicates that Pennsylvania Rule of Civil Procedure (Pa.R.C.P.) No. 2005(b) (Rule 2005(b)) does not authorize use of a John Doe designation for a defendant in an action commenced by writ of summons.[3] *Id*.

---

[3] While Rule 2005 provides the circumstances under which a plaintiff may use a "Doe" designation for an unknown defendant, the note to the Rule specifically states: "This rule does not authorize use of a Doe designation in an action commenced by a writ of summons." Pa.R.C.P. No. 2005 & Note.

Mr. Blewitt, now represented by counsel, appealed to this Court, and the trial court issued an opinion dated December 11, 2019. Trial Ct. Op., 12/11/19, at 1; R.R. at 56a-57a. In its opinion, the trial court first acknowledged that its dismissal of Mr. Blewitt's action on the basis of Rule 2005(b) was in error because "[Mr. Blewitt] commenced the action prior to the effective date of Rule 2005, and at the time of the filing of the action, the Rules of Civil Procedure were silent as to the propriety of initiating an action against a 'John Doe' by writ of summons."[4] Trial Ct. Op., 12/11/19, at 1; R.R. at 56a. The trial court concluded, however, that its error was harmless because any action Mr. Blewitt could have brought based on either his son's fatal accident in 2007 or his RTKL requests of 2015 would, on its face, be time-barred by the time he commenced this action in 2018. *Id.*

On appeal,[5] Mr. Blewitt argues[6] that the trial court erred in *sua sponte* dismissing his cause of action based on Rule 2005(b) and alternatively applying the doctrine of harmless error since there is no record here upon which to consider whether his action is barred by statute of limitations strictures. He argues that the trial court's dismissal of his cause of action on the basis of Rule 2005(b) violated his fundamental right to a remedy by due course of law under Article I, Section 11 of

---

[4] Rule 2005(b) was adopted on January 24, 2019, and became effective on April 1, 2019, approximately four months after Mr. Blewitt commenced his case in that manner. *See* Pa.R.C.P. No. 2005(b).

[5] In addition to the issue of the trial court's dismissal of his cause of action, Mr. Blewitt also challenges the trial court's dismissal of his motion to compel. Because we vacate the trial court's dismissal of Mr. Blewitt's cause of action, we do not reach the merits of the motion to compel.

[6] Our review of a trial court's order dismissing a cause of action prior to trial is limited to determining whether the trial court abused its discretion or committed an error of law. *See Szoko v. Township of Wilkins*, 974 A.2d 1216, 1219 n.7 (Pa. Cmwlth. 2009). Such review raises a question of law as to which our standard of review is *de novo* and our scope of review is plenary. *Id.*

4

the Pennsylvania Constitution. Pa. Const. art. I, § 11. He further argues that the trial court's use of a self-described harmless error approach to explain that its actions were justified under statute of limitations grounds amounted to procedural due process violations under both the Pennsylvania and United States Constitutions because he was not given notice and an opportunity to be heard. Mr. Blewitt seeks a remand to the trial court. Mr. Blewitt's Brief at 8-31.

The County of Chester (County), through its Solicitor's Office, responds that it was never properly served with Mr. Blewitt's writ of summons and that Mr. Blewitt never advanced his case by filing a complaint setting forth his specific allegations while the matter was with the trial court.[7] County's Brief at 7 (citing *Beglin v. Stratton*, 816 A.2d 370 (Pa. Cmwlth. 2003) (plaintiff must advance cause of action timely and in compliance with Rules of Civil Procedure)). The County adds that its counsel personally contacted the Department and learned that "pursuant to a system upgrade and the Department's retention policy," nothing other than the redacted log already produced in 2015 exists anymore. County's Brief at 3-4. As such, the County argues that it "cannot be compelled to produce something it does not have in its possession." County's Brief at 7. The County also states that the trial court correctly concluded that the time period for any cause of action based on the 2007 accident or the 2015 RTKL request would have elapsed by the time Mr. Blewitt filed his writ of summons in December 2018. County's Brief at 7-8.

Pennsylvania Rule of Civil Procedure No. 1007 governs the commencement of civil actions. Pa.R.C.P. No. 1007. It states that an action "may be commenced by filing with the prothonotary: (1) a *praecipe* for a writ of summons,

---

[7] The County adds that it was not even aware of this appeal until it received this Court's routine letter from the Prothonotary advising that the County had been included by Mr. Blewitt in his Notice of Appeal, which listed the "Office of Chester County Solicitor" on the Certificate of Service. The County asserts that it received nothing from Mr. Blewitt.

or (2) a complaint." Pa.R.C.P. No. 1007. In turn, Rule 401(a) states that: "Original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. No. 401(a). Rule 401(b)(1) goes on to state: "If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule . . . the prothonotary upon *praecipe* and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon 'reissued' in the case of a writ or 'reinstated' in the case of a complaint." Pa.R.C.P. No. 401(b)(1). If service is completed timely, the return of service must be filed with the prothonotary to ensure the continued viability of the cause of action. *See* Pa.R.C.P. No. 405(e).

In *Township of Lycoming v. Shannon*, 780 A.2d 835 (Pa. Cmwlth. 2001), this Court stated: "Unless a party applies to a court for an extension of time in which to serve original process, or unless the parties agree to waive the [30]-day time restriction, a writ or complaint will be 'dead' at the expiration of 30 days." *Id.* at 839. Specifically, "neither the record nor the docket entries of the trial court demonstrate[d] that the complaint was personally served upon the [defendants] within [30] days after the Township filed the complaint . . . . The record also fail[ed] to show that the Township reinstated the complaint to continue its validity after the expiration of the [30]-day period for serving original process." *Id.* at 838-39. Therefore, the Township's complaint was "dead," and any subsequent actions or proceedings were "invalid" and vacated by this Court. *Id.* at 839.

Here, Mr. Blewitt commenced his civil action via writ of summons on December 13, 2018, but he did not have it served on the County or any party within 30 days. *See* R.R. at 2a. Nor did he keep his writ of summons active and viable by seeking to have it reissued or reinstated by filing a *praecipe* with the prothonotary

6

within 30 days, or by otherwise petitioning the trial court for leave to continue his action. *See id*. Although Mr. Blewitt served a subpoena for documents on the Department on January 22, 2019, he had not yet served the writ of summons on anyone and 30 days had already elapsed. *Id*. After that, nothing was done until June 14, 2019, when Mr. Blewitt motioned the court to compel the County's production of documents. *Id*. That action led directly to the trial court's September 18, 2019 order that is the basis for this appeal. *Id*. at 1a. But by then, owing to Mr. Blewitt's failure to serve or preserve his writ of summons by requesting that it be reissued by January 14, 2019,[8] there was no longer a viable cause of action before the trial court and any action the trial court took, even dismissing the matter on procedural or statute of limitations grounds as it did, was invalid.[9] *Township of Lycoming; See also* Pa.R.C.P. No. 401(b)(1).

We therefore conclude that after Mr. Blewitt's writ of summons expired, the trial court no longer had any viable cause of action before it when it addressed this matter as either a violation of Rule 2005(b) or a futility in light of probable statutes of limitations lapses.

Based upon the foregoing, we vacate the order of the trial court.[10]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] We note that the 30th day, January 12, 2019, fell on a Saturday.

[9] Mr. Blewitt was proceeding *pro se* at that time, and while pleadings filed by a *pro se* litigant are to be construed liberally, a *pro se* litigant is not to be given any particular advantage because of his lack of knowledge of the law. *Mueller v. Pa. State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987).

[10] Because we vacate the trial court's order, we do not reach Mr. Blewitt's arguments going to the merits of the trial court's decision.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Blewitt,                                    :
                    Appellant                       :
                                                    :
          v.                                        :
                                                    :   No. 1483 C.D. 2019
John Doe                                            :

## O R D E R

AND NOW, this 6th day of January, 2021, the order of the Court of Common Pleas of Chester County (trial court) dated September 18, 2019, is VACATED.

_____
CHRISTINE FIZZANO CANNON, Judge